

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AP-76,302

EX PARTE WILLIAM LEE NISWANGER

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
FROM FREESTONE COUNTY

*WOMACK, J., filed a concurring opinion.*

While I agree that relief should be denied, I do not join the Court's opinion because it is contrary to the principle that the sufficiency of an indictment is determined within the four corners of the indictment, without reference to the evidence that may be produced at trial.

The indictment alleged that the defendant "impersonate[d] a public servant, namely, a fireman, … by showing a badge and identification to induce the purchase of raffle tickets for fire fighter fund."

The Court's opinion begins to contradict our precedents in note 10: " To be guilty under Section 37.11(a)(1), a defendant must have been engaged in some overt action in an official capacity that is more than merely showing official identification. [Citations omitted.] The

indictment alleges only two acts: (1) the display of the badge and identification and (2) the sale of raffle tickets. Because the first is not sufficient by itself to constitute a crime, whether the second is an official act is critical in determining whether the indictment alleges a crime."

I disagree. Whether the second act (sale of raffle tickets) is, in fact, an official act is critical in determining whether the defendant will be *convicted*. But that will depend on the evidence, not the allegation in the indictment.

On page 12, the opinion says that "Counsel could have filed a motion to quash on the grounds that Applicant was not impersonating a 'public servant' and that the raffle ticket sale was not an official act. Given the unsettled nature of the relevant law, it is uncertain how the court would have ruled on the motion. If the court granted the motion on either ground, then the indictment would have failed to allege a crime, like the *Benoit* indictments for delivery of diazepam."

This analysis is flagrantly incorrect. Again, a motion to quash tests only the facial validity of the indictment. Whether the *evidence* would fail to prove that the applicant was impersonating a public servant, or fail to prove that the raffle-ticket sale was an official act, could not be tested by a motion to quash the indictment.

The denial of relief is probably correct, but I cannot join the reasoning.

Filed March 16, 2011.
Publish.